(20 App. Div. 17.)

## BARNES v. LOEW.

(Supreme Court, Appellate Division, Second Department. July 13, 1897.)

INSTRUCTIONS—WAIVER OF OBJECTIONS.

 Correctness of a charge to which no objection was made cannot be ques-- tioned.

Appeal from trial term, Rockland county.

Action by Isaac E. Barnes against Edward V. Loew. From a judgment on a verdict for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Abram A. Demarest, for appellant.
Wm. McCauley, Jr., for respondent.

GOODRICH, P. J.  On July 23, 1896, the plaintiff and defend-- ant entered into the following contract:

"The party of the first part [plaintiff], for and in consideration of the sum of three hundred and fifty dollars ($350) to be paid by the party of the second part [defendant], agrees to do the following work and supply the following materials, viz.: To drill a well on the premises of the party of the second part, situated north of Manuet; said well to supply at least 1,000 gallons of clear water within eight hours daily; to supply a suitable pump for well and a windmill, with fifty-foot tower, with tank of 1,000 gallons capacity, set in tower at a distance of 16 feet or more from the ground, to give sufficient force to supply house with water; to supply 70 feet of 1¼ in. iron pipe. The party of the first part further agrees to connect and put in working order the above-mentioned apparatus, and guar-- anty the supply of water hereinbefore mentioned."

Subsequently, the plaintiff drilled the well, erected the wind-- mill, made the pipe connections, procured a 50-foot tower, with a tank of 700 gallons capacity, which was accepted by the defend-- ant in place of the 1,000-gallon tank named in the contract. There is no question raised by the defendant as to the sufficiency of the well, but there is a question as to the suitability of the pump, and the capacity of the windmill, to raise water into the tank; and it is apparent from the evidence that the apparatus, taken as a whole, does not actually supply the house with water, and that there is some defect either in the original construction or the subsequent condition. The testimony as to the cause of this failure is quite conflicting. The plaintiff produced evidence of the proper construc- tion of the apparatus, while the defendant seems to have been con-- tented to produce evidence showing the failure of the apparatus to do its work in supplying the house with water. The learned court charged:

"As I read this contract, there is no guaranty on the part of Mr. Barnes that this plant would produce any certain result. He simply agrees to put up a tower so high, put in a tank so many feet from the ground, and of such a ca- pacity, put in a pump, and to dig well which shall produce a certain number of gallons of water a day. Now, if he has performed all those specifications, he has performed his contract, and is entitled to his money."

To this portion of the charge there was no objection, and the court, in the body of the charge, and at the request of the defend-

ant, stated that the plaintiff could not recover anything unless he had substantially complied with the contract, and that, if the jury believed that the plaintiff did not put the tank and tower in good substantial working order, under the contract, they must find for the defendant. The jury found a verdict for the full amount of the contract price. It is sufficient to say that, whether or not this charge of the court was correct, the defendant acquiesced therein without exception, and consequently no such question is now before us. I have carefully examined the testimony of the case, and am of the opinion that the submission of the questions of fact to the jury was proper, and that there was sufficient evidence to support the allegations of the complaint. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.